S00A1467. BURKE v. THE STATE.
(540 SE2d 614)

BENHAM, Chief Justice.

This appeal is from Dewayne Perez Burke's convictions for murder, two counts of possession of a firearm during commission of a crime, and four counts of aggravated assault.[1] The evidence at trial

---

[1] The crimes were committed on April 18, 1999, and Burke was indicted on July 1, 1999, for malice murder, felony murder, two counts of possession of a firearm during commission of a crime, and four counts of aggravated assault. Convicted on all counts at a jury trial conducted on November 9 and 10, 1999, Burke was sentenced to life imprisonment for malice murder (the felony murder conviction was vacated by operation of law), consecutive 20-year sentences for three counts of aggravated assault, a consecutive sentence of five years for one count of possession of a firearm during commission of a crime, a concurrent 20-year sentence for one count of aggravated assault, and a five-year sentence for the second firearm possession count to be served consecutive to the concurrent 20-year sentence. Burke's motion for new trial, filed December 8, 1999, was denied on May 9, 2000; his notice of appeal was filed

authorized the jury to find the following as facts. Burke was involved in a fight outside a lounge. After the fight was broken-up by law enforcement officers, Burke ran toward a car containing two of the opposing combatants and three other people. In full view of three law enforcement officers, Burke fired several shots into the car, killing one person. Ordered to drop his gun, he ran away, but surrendered shortly thereafter. The murder weapon was later found at the scene.

1. The evidence adduced at trial and set out above was sufficient to authorize a rational trier of fact to find Burke guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Gibson v. State*, 272 Ga. 801 (1) (537 SE2d 72) (2000).

2. Burke contends on appeal that the trial court committed reversible error in failing to issue cautionary instructions to the jury after the prosecuting attorney engaged in allegedly improper argument. In response to defense counsel's objection to what he considered a personal attack, the trial court admonished the prosecuting attorney not to use "such inflammatory language about your brother in the bar." Because the trial court gave the relief requested, directing the prosecuting attorney not to use inflammatory language about defense counsel, no cause for reversal is shown. *Roberts v. State*, 267 Ga. 669 (9) (482 SE2d 245) (1997).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2001.

*Ellis R. Garnett*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.

May 10, 2000; and the appeal was docketed in this Court on May 18, 2000, and submitted for decision on the briefs.